**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUZ OFELIA MLETZKO,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 3:20-CV-00205** |
| **STEPHANIE BROOKE DAILEY,** | § | |
| **ADVANCE AUTO PARTS, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant Stephanie Brooke Dailey who respectfully removes this action from the County Court at Law Number 3 of El Paso County, Texas, to the United States District Court for the Western District of Texas, pursuant to Title 28, U.S. Code on the basis of diversity of citizenship.  In support of this Notice of Removal, Defendant states as follows:

### I.      THE STATE COURT ACTION

1.      On May 11, 2020, Plaintiff Luz Ofelia Mletzko filed a petition in the County Court at Law Number 3 of El Paso County, Texas, bearing Cause No. 2020-DCV-1548 and entitled: "*Luz Ofelia Mletzko v. Stephanie Brooke Dailey, Advance Auto Parts and GEICO County Mutual Insurance Company*."

2.      In her Original Petition, Plaintiff seeks damages relating to personal injuries she allegedly sustained as a result of an automobile accident in El Paso County.[1]  Plaintiff alleges that the accident was caused by Defendant Stephanie Brooke Dailey ("Dailey").[2]  Plaintiff further

---

[1] *See* Plaintiff's Original Petition at ¶ 7 and 8, attached as Exhibit 1.
[2] *See* Exhibit 1 at ¶ 8.

alleges that Defendant Advance Auto Parts, Inc.[3] ("Advance") "knowingly caused a motor vehicle to be operated by an unlicensed and unskilled driver," though Plaintiff fails to allege the existence of any relationship between Dailey and Advance.[4]  Plaintiff appears to be asserting a negligence cause of action against both Dailey and Advance.  Plaintiff also named her own insurance company, GEICO County Mutual Insurance Company ("GEICO"), as a Defendant.[5]  Plaintiff does not assert a cause of action against GEICO, but rather, states that she is making a claim for under-insured motorist benefits under her insurance policy with GEICO.[6]

      3.      GEICO filed its Original Answer in the County Court at Law Number 3 of El Paso County on June 8, 2020.

      4.      Dailey timely filed her Original Answer, pro se, in the County Court at Law Number 3 of El Paso County on June 19, 2020.  Attorneys Matthew T. McLain and Emily P. Hollenbeck of Litchfield Cavo entered an appearance and filed a First Amended Answer on behalf of Ms. Dailey on June 29, 2020.[7]

      5.      Advance filed its Original Answer in the County Court at Law Number 3 of El Paso County on July 9, 2020.[8]

## II.      REMOVAL IS TIMELY UNDER 28 U.S.C. §1446

      6.      Dailey received the citation and Plaintiff's Original Petition in this case on June 11, 2020.[9]

---

[3] Incorrectly named by Plaintiff as Advanced Auto Parts.
[4] *See* Exhibit 1 at ¶ 12.
[5] *See id.* at ¶ 9.
[6] *See id*.
[7] *See* file-marked copy of Notice of Appearance, attached hereto as Exhibit 2, and file-marked copy of Defendant Stephanie Brooke Dailey's First Amended Answer, attached hereto as Exhibit 3.
[8] *See* file-marked copy of Defendant Advance Auto Parts, Inc.'s Original Answer, attached hereto as Exhibit 4.
[9] *See* Return of Service, attached hereto as Exhibit 5.

7.     This matter is being removed within 30 days of the receipt by Dailey of notice of the claims against her.

### III.     THIS COURT HAS JURISDICTION

8.     This suit is an action in which this Court has original jurisdiction under 28 U.S.C. §1332, as it is an action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441.

9.     According to her Original Petition, Plaintiff Luz Ofelia Mletzko resides in El Paso County, Texas.[10]

10.     Defendant Stephanie Dailey was, at the time the state court petition was filed, and still is, a citizen of the State of Tennessee.  She resides at 263 White Oak Rd, Apt. D, Clarksville, Tennessee 37040-8669 and has resided there since December of 2019.  Dailey was not at the time this action was instituted against her, and still is not, a citizen of Texas.

11.     Defendant Advance Auto Parts, Inc. was, at the time the state court petition was filed, and still is, a citizen of North Carolina and Delaware because it is a corporation incorporated under the laws of the State of Delaware with is principal place of business in North Carolina. Advance Auto Parts, Inc. was not at the time this action was instituted against it, and still is not, a citizen of the State of Texas.

12.     GEICO County Mutual Insurance Company was, at the time the state court petition was filed, and still is a citizen of Maryland and Texas because it is a corporation incorporated under the laws of the State of Maryland, with its principal place of business in Texas.  With respect to Plaintiff's purported claim against GEICO, Advance asserts that its citizenship can be

---

[10] *See* Exhibit 1 at ¶ 2.

disregarded for purposes of determining diversity jurisdiction as GEICO has been fraudulently joined in this action because Plaintiff fails state a claim against GEICO and fails to allege facts that would support any potential cause of action against GEICO.  When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists.[11]

13.    The removing party bears the burden of proving that any non-diverse defendants have been fraudulently joined to defeat diversity, either by showing: (1) "outright fraud in the plaintiff's recitation of jurisdictional facts"; or (2) that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court."[12] This case involves the second prong of that test.

14.    Plaintiff fails to state a claim against GEICO.  In her Original Petition, Plaintiff alleges that she has an insurance policy with GEICO that provides for under-insured motorist ("UIM") benefits.  Plaintiff then states that she "hereby makes a claim for [those] benefits"[13] Notably, the section of Plaintiff's Original Petition entitled "Cause of Action" is devoid of any reference to GEICO.

15.    Plaintiff does not allege anywhere in her Original Petition that she has established that she is owed UIM benefits and that GEICO breached its contract by failing to pay those benefits.  Further, Plaintiff's petition is devoid of any allegation that Dailey or Advance lack insurance or are underinsured.  Simply making a claim for benefits under an insurance policy is not a cause of action.  Plaintiff's Original Petition, on its face, fails to state a legally recognizable cause of action under Texas law against GEICO.

---

[11] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), cert. denied, 498 U.S. 817 (1990).
[12] *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997)(quoting *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) and *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).
[13] *See* Exhibit 1 at ¶ 9.

16.    Plaintiff failed to plead facts sufficient to establish her legal entitlement to recover UIM benefits.  Further, any potential future claim against GEICO for UIM benefits is not ripe.  Thus, the court lacks subject matter jurisdiction to consider such a claim because a court has no power to decide disputes that are not yet justiciable.[14]  To be legally entitled to recover benefits under a UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of damages.[15]  UIM coverage, or the receipt of benefits, is "conditioned upon the insured's legal entitlement to receive damages from a third party."[16]  The insured must obtain a judgment establishing liability and the underinsured status of the alleged tortfeasor.[17]  In other words, GEICO's contractual duty to pay UIM benefits to Plaintiff does not arise until Plaintiff obtains a judgment establishing liability, damages, and the underinsured status of a third party.   Plaintiff has not alleged in her Original Petition that she has obtained a judgment establishing liability against a tortfeasor and was awarded damages.  Furthermore, Plaintiff has not alleged that there was insufficient coverage by the alleged tortfeasors or that either Dailey or Advance were underinsured.   "Neither requesting UIM benefits nor filing suit triggers a contractual duty to pay."[18]  Thus, Plaintiff does not currently have any justiciable claim against GEICO.  Further, Defendants Dailey and Advance have sufficient insurance coverage for the damages alleged by Plaintiff.

17.    Because GEICO is not a properly joined defendant, its consent to removal is not required.[19]

---

[14] *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010).
[15] *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809, 818 (Tex. 2006); see also *Ibarra v. Allstate Fire and Casualty Insurance Company*, No. SA:20-CV-00280-JKP (W.D. Tex. June 16, 2020).
[16] *Brainard* at 818.
[17] *Id*.
[18] *Id*.
[19] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Irma Blas v. Rosen*, DR-18-CV-66-AM, 2019 WL 5199284, at *2 (W.D. Tex. July 16, 2019).

18.     Advance Auto Parts, Inc. consents to the removal of this action from state court.[20]

19.     Plaintiff seeks monetary relief of over $1,000,000.00.[21]  Because there is complete diversity between Plaintiff and the properly joined defendants and because the amount in controversy exceeds $75,000 exclusive of interest and costs, removal is appropriate pursuant to 28 U.S.C. §1332.

20.     Dailey files this Notice of Removal within 30 days of June 11, 2020, the date that Dailey first received a copy of Plaintiff's Original Petition.

21.     This Court embraces the locality in which the state court action is now pending and, thus, is a proper forum for this action pursuant to 28 U.S.C. §1441(a).

22.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all adverse parties.

23.     As required by 28 U.S. § 1446(d), a copy of this notice will be filed with the clerk of the County Court at Law Number 3 of El Paso County, Texas.[22]

24.     If any question arises regarding the propriety of removal, Dailey respectfully requests that she be provided the opportunity to present a brief and/or oral argument in support of her position that this case is removable.

WHEREFORE, Defendant, Stephanie Dailey removes this action, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C. §1446, from the County Court at Law Number 3 of El Paso County, Texas to this Honorable Court on this the 11th day of July 2020.

---

[20] *See* Advance Auto Parts, Inc.'s Consent to Removal, attached hereto as Exhibit 6.
[21] *See* Exhibit 1 at ¶ 14.
[22] *See* Notice to State Court of Removal, attached as Exhibit 7.

Respectfully submitted,

_/s/ S. Jan Hueber_
**Matthew T. McLain** (motion for pro hac admission
to be filed)
Texas Bar No. 24046401
mclain@litchfieldcavo.com
**S. Jan Hueber**
Texas Bar No. 20331150
hueber@litchfieldcavo.com
**Emily P. Hollenbeck** (motion for pro hac admission
to be filed)
Texas Bar No. 24062786
hollenbeck@litchfieldcavo.com

**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
(817) 945-8025 (P)
(817) 753-3232 (F)

**ATTORNEYS FOR DEFENDANT
STEPHANIE BROOKE DAILEY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on this

the 11th day of July 2020, on all counsel of record, in accordance with the Federal Rules of Civil

Procedure.

_/s/ S. Jan Hueber_
Counsel for Defendant Stephanie Brooke
Dailey

EXHIBIT 1

IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW NUMBER _____
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| LUZ OFELIA MLETZKO, | § | |
| | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CAUSE NO.: _____ |
| | § | |
| STEPHANIE BROOKE DAILEY, ADVANCE | § | |
| AUTO PARTS AND GEICO COUNTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, LUZ OFELIA MLETZKO, Plaintiff in the above styled and numbered cause, by and through her attorney of record, JAMES B. KENNEDY, JR. of JAMES KENNEDY, P.L.L.C., and files this, PLAINTIFF'S ORIGINAL PETITION, and for cause of action would show the court the following:

### DISCOVERY CONTROL PLAN

1.     Discovery will be conducted under Level III pursuant to Rule §190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### PARTIES TO THIS ACTION

2.     Plaintiff resides in El Paso County, Texas.

3.     Defendant Stephanie Brooke Dailey is an individual who resides and may be served with process at 4554 Hercules #45, El Paso, Texas 79904 or anywhere they may be found.

4.     Defendant Advanced Auto Parts is a North Carolina Corporation doing regular and systematic business in the State of Texas.  Said Defendant may be served by serving its registered agent Tammy M Finley at 5008 Airport Rd NW, Roanoke, VA 24012-1601 or anywhere they may be found.

5.     Defendant GEICO County Mutual Insurance Company is a Texas Corporation doing

regular and systematic business in the State of Texas. Said Defendant may be served by serving its registered agent Dan Beacom at 2280 N. Greenville Ave., Richardson, Texas 75082-4412 or anywhere they may be found.

## JURISDICTION AND VENUE

6.      Venue is proper in El Paso County, Texas because the defendant individual resides in El Paso County, Texas.

7.      Furthermore, venue is proper in El Paso County, Texas because the incident that makes the basis of this lawsuit occurred in El Paso County, Texas.

## FACTS

8.      On or about August 27th, 2019, Defendant Stephanie Brooke Dailey negligently caused an automobile accident with Plaintiff, which resulted in severe injuries and damages to Plaintiff (hereinafter "subject accident"). The negligence of Defendant Stephanie Brooke Dailey is alleged more fully below. The subject accident was the proximate cause of the injuries and damages sustained by Plaintiff, which are set forth more fully below.

9.       At all times relevant hereto, Plaintiff held an insurance policy issued by DEFENDANT GEICO COUNTY MUTUAL INSURANCE COMPANY, bearing the policy number -1512086 (hereinafter "subject policy"). The subject policy provides Under-insured Motorist Bodily Injury Protection and Medical Payment coverage. Plaintiff timely informed GEICO County Mutual Insurance Company of her intention to seek benefits under the Under-insured Motorist Bodily Injury Protection and Medical Payment coverages of the subject policy. Plaintiff is a valid "covered person" under the subject policy. The injuries and damages sustained by Plaintiff are not the result of intentional acts, but were caused by unavoidable events set into motion by the negligence of Defendant Stephanie Brooke Dailey. Plaintiff hereby makes a claim for these benefits.

## CAUSE OF ACTION

10.      DEFENDANT STEPHANIE BROOKE DAILEY proximately caused the subject accident by

ways including, but not limited to, the following when she:

   (a)   Failed to use the due care and caution of an ordinary and prudent person in the same or similar circumstances;

   (b)   Failed to take proper evasive action;

   (c)   Failed to keep a proper look-out;

   (d)   Failed to timely apply her vehicle's brakes;

   (e)   Failed to completely stop her vehicle at a red light and yield the right of way to Plaintiff, which constitutes negligence *per se* (V.T.C.A., Transp. Code §§ 544.004 and 544.007); and

   (f)   Committed other negligent acts and omissions to be determined during the course of discovery.

11.   The above referenced acts and omissions, whether taken singularly or in concert, constitute a direct and proximate cause of the injuries and damages sustained by Plaintiff. Furthermore, this conduct violates the Transportation Code of Texas as specified above, which constitutes negligence *per se*.

12.   Defendant Advanced Auto Parts knowingly caused a motor vehicle to be operated by an unlicensed and unskilled driver, which violates Texas Transportation Code §521.458 and constitutes negligence which was a proximate cause of the occurrence in question.

### DAMAGES

13.   As a direct and proximate result of the negligent acts as described above, PLAINTIFF LUZ OFELIA MLETZKO suffered:

   (a)   Physical pain and suffering and mental anguish, past and future;

   (b)   Physical impairment and disfigurement, past and future;

   (c)   Reasonable and necessary medical expenses, past and future;

   (d)   Lost wages and/or loss of wage earning capacity; and

   (e)   Other damages;

14.   PLAINTIFF LUZ OFELIA MLETZKO seeks compensation in whatever amount the Jury determines to be fair and reasonable based upon the evidence, and in an amount that is within

the jurisdictional limits of this Court over $1,000,000.00.

15.     Furthermore, Plaintiff seeks recovery for all damages listed above as well as recovery of attorneys fees from Defendant GEICO County Mutual Insurance Company.

## JURY REQUEST

Plaintiff requests a Trial by Jury on all issues as set forth herein above.

## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a)-194.2(l).

## TRCP 193.7 NOTICE

This paragraph serves as notice under Tex. R. Civ. P. 193.7 that documents produced in response to written discovery requests served by plaintiff will be used against the producing party in any pretrial proceeding and/or trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants Stephanie Brooke Dailey, Advance Auto Parts and GEICO County Mutual Insurance Company be cited to appear and answer, and that on final trial, judgment be entered against Defendants for all relief requested as follows:

1.     Judgment against Defendants for actual damages in an amount that is within the jurisdictional limits of this Court over $1,000,000.00;

2.     Pre and post-judgment interest, as described by law, until paid;

3.     Attorneys fees from Defendant GEICO County Mutual Insurance Company;

4.     Costs of suit;

5.     Such other and further relief, general and special, at law or at equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**JAMES KENNEDY, P.L.L.C.**
6216 Gateway Blvd. East
El Paso, Texas 79905
(915) 544-5200
FAX (915) 532-2423

By:  /s/James B. Kennedy, Jr.
**JAMES B. KENNEDY, JR.**
State Bar No.: 00791014

EXHIBIT 2

**CAUSE NO. 2020DCV1548**

| | | |
|---|---|---|
| **LUZ OFELIA MLETZKO,** | § | **IN THE COUNTY COURT AT LAW** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **NO. 3** |
| **STEPHANIE BROOKE DAILEY,** | § | |
| **ADVANCE AUTO PARTS, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants*. | § | **EL PASO COUNTY, TEXAS** |

## NOTICE OF APPEARANCE

Attorneys Matthew T. McLain and Emily P. Hollenbeck, and the law firm Litchfield Cavo, LLP, serve their Notice of Appearance as counsel on behalf of Defendant Stephanie Brooke Dailey in the above-styled action.  It is requested that all pleadings, discovery, correspondence and other communications regarding this case be directed to this firm, on behalf of Defendant, through undersigned counsel.

Respectfully submitted,

*/s/ Matthew T. McLain*_____
**Matthew T. McLain**
State Bar No. 24046401
mclain@litchfieldcavo.com
**Emily P. Hollenbeck**
State Bar No. 24062786
hollenbeck@litchfieldcavo.com

**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Telephone: (817) 945-8025
Facsimile: (817) 753-3232

**ATTORNEYS FOR DEFENDANT**
**STEPHANIE BROOKE DAILEY**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Appearance has been served upon counsel of record for all parties to this proceeding by virtue of the Court's Electronic Filing System and notification on this 29th day of June, 2020.

*Matthew T. McLain*
Counsel for Defendant

EXHIBIT 3

**CAUSE NO. 2020DCV1548**

| | | |
|---|---|---|
| **LUZ OFELIA MLETZKO,** | § | **IN THE COUNTY COURT AT LAW** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **NO. 3** |
| **STEPHANIE BROOKE DAILEY,** | § | |
| **ADVANCE AUTO PARTS, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants*. | § | **EL PASO COUNTY, TEXAS** |

## DEFENDANT STEPHANIE BROOKE DAILEY'S FIRST AMENDED ANSWER

Defendant, Stephanie Brooke Dailey (hereinafter "Stephanie Dailey"), files her First Amended Answer to Plaintiff's Original Petition and would show as follows:

### 1.    GENERAL DENIAL

Stephanie Dailey denies all allegations in Plaintiff's Original Petition and asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

### 2.    DEFENSES

Stephanie Dailey asserts the following defenses:

A.    In the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is denied, Plaintiff is not entitled to recover prejudgment interest on any future damages.

B.    In the event that Plaintiff seeks to recover damages for medical costs, such damages are only recoverable to the extent allowed by section 41.0105 of the Texas Civil Practice & Remedies Code.

C.    Stephanie Dailey reserves the right to amend or supplement this answer as allowed by the Texas Rules of Civil Procedure.

---

Defendant Stephanie Brooke Dailey's First Amended Answer                                    Page 1

## 3.     <u>NOTICE OF USE OF DOCUMENTS</u>

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Stephanie Dailey hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## 4.     <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant, Stephanie Dailey, prays that Plaintiff's claims against her be dismissed, that Plaintiff takes nothing at trial, and for all such further relief to which she may be justly entitled.

Respectfully submitted,

*/s/ Matthew T. McLain*
**Matthew T. McLain**
State Bar No. 24046401
mclain@litchfieldcavo.com
**Emily P. Hollenbeck**
State Bar No. 24062786
hollenbeck@litchfieldcavo.com

**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Telephone: (817) 945-8025
Facsimile: (817) 753-3232

**ATTORNEYS FOR DEFENDANT
STEPHANIE BROOKE DAILEY**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Appearance has been served upon counsel of record for all parties to this proceeding by virtue of the Court's Electronic Filing System and notification on this 29th day of June, 2020.

_Matthew T. McLain_____
Counsel for Defendant

EXHIBIT 4

**CAUSE NO. 2020DCV1548**

| | | |
|---|---|---|
| **LUZ OFELIA MLETZKO,** | § | **IN THE COUNTY COURT AT LAW** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **NO. 3** |
| **STEPHANIE BROOKE DAILEY,** | § | |
| **ADVANCE AUTO PARTS, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants*. | § | **EL PASO COUNTY, TEXAS** |

<u>**DEFENDANT ADVANCE AUTO PARTS, INC.'S ORIGINAL ANSWER**</u>

Defendant Advance Auto Parts, Inc., incorrectly named as Advanced Auto Parts, files this Original Answer and would show as follows:

### 1.   <u>GENERAL DENIAL</u>

Advance Auto Parts, Inc. asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.  Advance Auto Parts, Inc. denies all the allegations in Plaintiff's Original Petition.

### 2.   <u>DEFENSES</u>

Advance Auto Parts, Inc. asserts the following defenses:

A.   In the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which is denied, Plaintiff is not entitled to recover prejudgment interest on any future damages.

B.   In the event that Plaintiff seeks to recover damages for medical costs, such damages are only recoverable to the extent allowed by section 41.0105 of the Texas Civil Practice & Remedies Code.

C.   Advance Auto Parts, Inc. reserves the right to amend or supplement this answer as allowed by the Texas Rules of Civil Procedure.

### 3.  <u>NOTICE OF USE OF DOCUMENTS</u>

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Advance Auto Parts, Inc. hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

### 4.  <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Advance Auto Parts, Inc. prays that Plaintiff's claims be dismissed, that Plaintiff take nothing at trial, and for all such further relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Matthew T. McLain*
**Matthew T. McLain**
Texas Bar No. 24046401
mclain@litchfieldcavo.com
**Emily P. Hollenbeck**
Texas Bar No. 24062786
hollenbeck@litchfieldcavo.com

**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Telephone: 817-945-8025
Facsimile: 817-753-3232

**ATTORNEYS FOR DEFENDANT**
**ADVANCE AUTO PARTS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon Plaintiff's counsel of record herein via electronic service on this 9th day of July, 2020.

*/s/ Matthew T. McLain*
Counsel for Defendant Advance Auto Parts, Inc.

EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUZ OFELIA MLETZKO,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO._____** |
| **STEPHANIE BROOKE DAILEY,** | § | |
| **ADVANCE AUTO PARTS, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants*. | § | |

## ADVANCE AUTO PARTS, INC.'S CONSENT TO REMOVAL

Defendant Advance Auto Parts, Inc. hereby consents to the removal of this action from the

El Paso County Court at Law No. 3 to the United States District Court for the Western District of

Texas.

Dated this 11th day of July 2020.

Respectfully submitted,

 */s/ S. Jan Hueber*
_____
**Matthew T. McLain** (motion for pro hac admission
to be filed)
Texas Bar No. 24046401
mclain@litchfieldcavo.com
**S. Jan Hueber**
Texas Bar No. 20331150
hueber@litchfieldcavo.com
**Emily P. Hollenbeck** (motion for pro hac admission
to be filed)
Texas Bar No. 24062786
hollenbeck@litchfieldcavo.com

**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
(817) 945-8025 (P)
(817) 753-3232 (F)

**ATTORNEYS FOR DEFENDANT**
**ADVANCE AUTO PARTS, INC.**

EXHIBIT 6

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **STEPHANIE BROOKE DAILEY**, who may be served with process **at 263 WHITE OAK RD., APT. D, CLARKSVILLE, TN  37040-8669 or anywhere he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 11th day of May, 2020, by Attorney at Law JAMES B. KENNEDY, 6216 GATEWAY BLVD EAST, EL PASO, TX 79905 in this case numbered 2020DCV1548 on the docket of said court, and styled:

### LUZ OFELIA MLETZKO
VS
**STEPHANIE BROOKE DAILEY, ADVANCE AUTO PARTS AND GEICO COUNTY MUTUAL INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Plaintiff's Interrogatories, Requests for Disclosure, Requests for Admission and Requests for Production to Defendant Stephanie Brooke Dailey** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 3rd day of June, 2020

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _veronica cables_ , Deputy
Veronica Cables

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

JOEL PAYAN        PROCESS SERVER
*NAME OF PREPARER                    TITLE
10221 STONEWAY DR.
ADDRESS
EL PASO        TEXAS        79925
CITY        STATE        ZIP

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the __8TH__ day of __JUNE 2020__ at __5:00PM__ I mailed to __STEPHANIE BROOKE DAILEY__ _____defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of **Plaintiff's Original Petition, Plaintiff's Interrogatories, Requests for Disclosure, Requests for Admission and Requests for Production to Defendant Stephanie Brooke Dailey** attached thereto.

_____ - PSC#2253,
PROCESS SERVER FOR AT YOUR SERVICE PROCESS
TITLE                                        SERVICE

## RETURN OF SERVICE

Delivery was completed on ___JUNE 11, 2020___, delivered to ___STEPHANIE BROOKE DAILEY___
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

      This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____ PSC# 2253, EXP. 8/31/2021
Name of Authorized Person

By: _JOEL PAYAN_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared ___JOEL PAYAN___, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

Subscribed and sworn to be on this _15_ day
of _June_, _2020_.

_____
Notary Public, State of _Texas_

My commission expires: _10-29-2022_

LILLIAN C. PAYAN
My Notary ID # 10192686
Expires October 29, 2022



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STEPHANIE BROOKE DAILEY
2263 WHITE OAK RD., APT. D
CLARKSVILLE, TN 37040-8669

9590 9402 5797 0034 0522 44

2. Article Number (Transfer from service label)

7018 2290 0002 0098 3793

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X (COVID-19 Step Dad)
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                  6/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RESTRICTED DELIVERY

T.B. KENNEDY: 2020 DCV1548

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

CLARKSVILLE, TN 37040

Certified Mail Fee
$                                    0097
$2.85                                  14

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00          Postmark
☐ Adult Signature Required         $ $0.00            Here
☐ Adult Signature Restricted Delivery $ $0.00

Postage
$           $1.80                            06/08/2020

Total Postage and Fees
$           $13.65

Sent To
STEPHANIE BROOKE DAILEY
Street and Apt. No., or PO Box No.
2263 WHITE OAK RD., APT. D
City, State, ZIP+4®
CLARKSVILLE, TN 37040-8669

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

3793 0098 0002 2290 7018

EXHIBIT 7

## CAUSE NO. 2020DCV1548

| | | |
|---|---|---|
| **LUZ OFELIA MLETZKO,** | § | **IN THE COUNTY COURT AT LAW** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **NO. 3** |
| **STEPHANIE BROOKE DAILEY,** | § | |
| **ADVANCE AUTO PARTS, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants*. | § | **EL PASO COUNTY, TEXAS** |

### STEPHANIE BROOKE DAILEY'S NOTICE OF REMOVAL

Please take notice that on July 11, 2020, Defendant Stephanie Brooke Dailey filed in the United States District Court for the Western District of Texas her Notice of Removal. A copy of that Notice of Removal (without exhibits) is attached as Exhibit "A". Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of that Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and the above-captioned Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

 */s/ Matthew T. McLain*

**Matthew T. McLain**
State Bar No. 24046401
mclain@litchfieldcavo.com
S. Jan Hueber
State Bar No. 20331150
hueber@litchfieldcavo.com
**Emily P. Hollenbeck**
State Bar No. 24062786
hollenbeck@litchfieldcavo.com

**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500

---

Fort Worth, Texas 76102
(817) 945-8025 (P)
(817) 753-3232 (F)

**ATTORNEYS FOR DEFENDANT**
**STEPHANIE BROOKE DAILEY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on this

the 11th day of July 2020, on all counsel of record, in accordance with the Texas Rules of Civil

Procedure.

_/s/ Matthew T. McLain_
Counsel for Defendant Stephanie Brooke
Dailey