## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LUZ OFELIA MLETZKO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-20-CV-205-DB** |
| | § | |
| **STEPHANIE BROOKE DAILEY, and** | § | |
| **ADVANCE AUTO PARTS, INC.,** | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On this day, the Court considered Plaintiff Luz Ofelia Mletzko's ("Ms. Mletzko") "Motion to Remand to State Court" ("Motion"), ECF No. 20, filed in the above-captioned case on August 10, 2020.   On August 17, 2020, Defendants Stephanie Brooke Dailey ("Ms. Dailey") and Advance Auto Parts, Inc. ("Advance Auto Parts") filed a "Response in Opposition to [Ms. Mletzko]'s Motion to Remand" ("Response"), ECF No. 24.   Upon due consideration, the Court will deny Ms. Mletzko's Motion.

### BACKGROUND

On May 11, 2020, Ms. Mletzko brought this action in the County Court at Law Number 3 of El Paso County, Texas, seeking monetary relief of over $1,000,000 from Ms. Dailey, Advance Auto Parts, and GEICO County Mutual Insurance Company ("GEICO") for harms arising from an automobile accident in El Paso.   Pl.'s Orig. Pet. ("Petition"), ECF No. 1 at 10–12.   On July 11, 2020, Ms. Dailey, with the consent of Advance Auto Parts, filed a Notice of Removal ("Notice").   Notice, ECF No. 1 at 6.

Ms. Dailey asserts that GEICO is improperly joined to the suit because Ms. Mletzko "fails [to] state a claim against GEICO and fails to allege facts that would support any potential cause of action against GEICO."   *Id.* at 4; *see also* Resp. 4–5, ECF No. 24.   She asserts that because GEICO is improperly joined, the Court should disregard its citizenship when

determining whether the Court has removal jurisdiction over the case.    Notice, ECF No. 1 at 3–4; *see also* Resp. 4–5, ECF No. 24.    Lastly, she asserts that the Court has removal jurisdiction over the case because complete diversity exists among the properly joined parties.    Notice, ECF No. 1 at 6; *see also* Resp. 1–2, ECF No. 24.    Ms. Mletzko in turn filed the Motion presently under the consideration of the Court.    Mot., ECF No. 20.    Ms. Mletzko asserts that GEICO is properly joined because she "pled the facts necessary to obtain a recovery against [] GEICO." *Id.* at 5.    She further asserts that, because she and GEICO are both citizens of Texas, this Court does not have removal jurisdiction over the case.    *Id.* at 6.    Ms. Dailey and Advance Auto Parts filed a Response, reasserting that GEICO is not properly joined.    Resp. 4–6, ECF No. 24.

## LEGAL STANDARD

Defendants may remove a case from state to federal district court whenever the case satisfies the requirements for the court's original jurisdiction.    28 U.S.C. § 1441(a).    A federal court has original diversity jurisdiction over a case when the amount in controversy is greater than $75,000 and there is complete diversity among the parties, such that no plaintiff is a citizen of the same state as any defendant.    28 U.S.C. § 1332(a); *see Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019) ("Diversity jurisdiction requires . . . complete diversity of parties.") (internal quotations omitted).    An individual is a citizen of the state in which she is domiciled, while a corporation is deemed to be a citizen of the state in which it is incorporated and a citizen of the state in which it has its principal place of business.    28 U.S.C. § 1332(a), (c).

A party whose presence prevents complete diversity of citizenship may be disregarded for jurisdictional purposes if the removing party can establish that the non-diverse party was improperly joined.    *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004).

The removing party may prove that joinder is improper by establishing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).   There is no cause of action where "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.*

To determine whether there is a "possibility of recovery," the court conducts a "Rule 12(b)(6)-type analysis" and applies federal pleading standards. *Int'l Energy Ventures v. United Energy Grp.*, 818 F.3d 193, 208 (5th Cir. 2016).   A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a)(2).   Courts take all unchallenged factual allegations in the light most favorable to the plaintiff and resolve any contested issue of fact and any ambiguities of state law in favor of the non-removing party. *Travis*, 326 F.3d at 649.   Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

Because GEICO and Ms. Mletzko are both citizens of Texas, GEICO's presence in the suit prevents it from meeting the complete diversity requirement of 28 U.S.C. § 1332. *See Moss*, 913 F.3d at 514.   Accordingly, the Court must determine whether GEICO is improperly joined. *See Smallwood*, 385 F.3d at 573.   If it is not, the case must be remanded to state court.

3

*Id.* at 576.

The Court finds that GEICO is improperly joined to the suit and will be disregarded for jurisdictional purposes.   The Court further finds that there is complete diversity among the remaining parties and that there is a sufficient amount in controversy.   The Court therefore has removal jurisdiction over the suit under 28 U.S.C. § 1441, and Ms. Mletzko's Motion should be denied.

### 1. GEICO is Improperly Joined.

In determining whether GEICO is improperly joined, the Court conducts a "12(b)(6)-type analysis." *Int'l Energy Ventures*, 818 F.3d at 208.   The Court first determines that Ms. Mletzko has stated a claim for underinsured motorist benefits against GEICO, and then determines that there is no "possibility of recovery" on the claim.   *Smallwood*, 385 F.3d at 573. Thus, GEICO is improperly joined.   *Id.*

### a. The Court will treat the Petition as though it explicitly states a claim against GEICO for underinsured motorist benefits.

In deciding whether a plaintiff has stated a claim, the courts must construe the pleadings "so as to do justice." *See* Fed. R. Civ. P. 8(e).   In doing so, the Court is able to identify in Ms. Mletzko's Petition a claim for underinsured motorist coverage, in spite of the absence of GEICO from the portion of that document labeled "Cause of Action." *See* Pet., ECF No. 1 at 9, 10–11.   Ms. Mletzko states that she had an insurance policy with GEICO that provided underinsured motorist coverage.   *Id.* at 10.   She further states that she has notified GEICO of her intention to seek benefits and that she "hereby makes a claim for these benefits." *Id.*   The Court will therefore treat Ms. Mletzko's Petition as though it explicitly stated a claim for underinsured motorist benefits.

**b. Plaintiff does not allege facts sufficient to support a claim against GEICO for underinsured motorist benefits under the Texas Insurance Code.**

Having identified a claim for underinsured motorist benefits, the Court turns to determining whether, under Texas state law, Ms. Mletzko can show any "possibility of recovery" on that claim.  *See Smallwood*, 385 F.3d at 573.   Underinsured motorist coverage is defined in Texas as coverage that "protects insureds . . . from owners or operators of . . . underinsured . . . motor vehicles damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle."   Tex. Ins. Code § 1952.101(a).   In its *Brainard* decision, the Texas Supreme Court explained the nature of the contractual duties created by such coverage and determined that

> the [underinsured motorist] insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist.  *Neither requesting [underinsured motorist] benefits nor filing suit against the insurer triggers a contractual duty to pay.*   Where there is no contractual duty to pay, there is no just amount owed. . . . [A] claim for [underinsured motorist] benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist.

*Brainard v. Trinity Universal Ins.*, 216 S.W.3d 809, 818 (Tex. 2006) (citations omitted) (emphasis added).

Under the rule of *Brainard*, Ms. Mletzko statement's in her Petition that she "hereby makes a claim for these benefits" is insufficient to create any contractual duty on the part of GEICO.   Pet., ECF No. 1 at 10; *Brainard*, 216 S.W.3d at 818.   And, since GEICO has no duty to pay, Ms. Mletzko can have no "possibility of recovery" against GEICO.  *Smallwood*, 385 F.3d at 573.   She therefore cannot state a claim upon which relief can be granted, and she

does not survive the Court's "12(b)(6)-type analysis." *Int'l Energy Ventures*, 818 F.3d at 208.

Ms. Mletzko argues that the rule of *Brainard* is excessively harsh on insureds, as it means that "one could never plead a case for underinsured coverage until after a judgment has been obtained." Mot. 5, ECF No. 20. The Court doesn't need to determine whether one can "never" plead such a case before obtaining a judgment, as the rule of *Brainard* applies squarely to the particular claim made by Ms. Mletzko. The Court does note that in certain circumstances, a person may be able to seek coverage under an underinsured motorist policy without waiting for a judgment. *See Trejo v. Allstate Fire & Cas. Ins.*, No. SA19CV00180FBESC, 2019 WL 4545614 at *7 (W.D. Tex. Sept. 19, 2019). In *Trejo*, the Court suggested that when bad faith—rather than simply a breach of an insurance contract—is alleged against an insurer, the insured does not have to wait for a judgment, but can bring suit once the insurance company's obligation is "reasonably clear." *Id.* at *8.

Ms. Mletzko has not, however, alleged bad faith, nor has she provided any facts that would make GEICO's liability for underinsured motorist benefits "reasonably clear." *See generally* Pet., ECF No. 1 at 9–13; *Trejo*, 2019 WL 4545614 at *8. Ms. Mletzko has not alleged that Ms. Dailey and Advance Auto Parts are in fact *underinsured*, nor has she contested their assertions that they have sufficient insurance to cover any damages that Ms. Mletzko might recover from her lawsuit against them. *See generally* Notice, ECF No. 1 at 5; Mot., ECF No. 20; Resp. 4–5, ECF No. 24.

The Court ultimately agrees with Ms. Dailey's assertions that Ms. Mletzko "failed to plead facts sufficient to establish her legal entitlement to recover [underinsured motorist] benefits" and that at this time she "does not have any justiciable claim against GEICO." Notice,

6

ECF No. 1 at 5.   Because there is no "possibility of recovery" against GEICO, GEICO is not

properly joined to the suit and will be disregarded for purposes of determining this Court's

removal jurisdiction.   *Smallwood*, 385 F.3d at 573.

### 2. Removal is Proper Because There is a Sufficient Amount in Controversy and Complete Diversity Among the Remaining Parties.

For this Court to have jurisdiction, there must be complete diversity among the

parties and an amount in controversy greater than $75,000.   28 U.S.C. § 1332(a); *see also Moss*,

913 F.3d at 514.   The Court finds that for purposes of determining its jurisdiction, Ms. Dailey is

a citizen of Tennessee.   The Court also finds that, with GEICO's citizenship disregarded, there

is complete diversity among the remaining parties.   *Smallwood*, 385 F.3d at 573.   Lastly, the

Court finds that there is a sufficient amount in controversy and, as a result, the Court has

jurisdiction over the case under 28 U.S.C. § 1441(a).

### a. For purposes of determining jurisdiction, Ms. Dailey is a citizen of Tennessee.

"When removal is based on diversity of citizenship, diversity must exist at the

time of removal."   *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010)

(quoting *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000)).   "With respect to the

diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile."

*Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).   "Residence in fact, and the intention of

making the place of residence one's home, are essential elements of domicile."   *Id.*   A person's

domicile is presumed to continue indefinitely; a party asserting a change in domicile must come

forward with evidence to rebut the presumption.   *Preston v. Tenet Healthsystem Mem'l Med.

Ctr., Inc.*, 485 F.3d 804, 819 (5th Cir. 2007).   A change in domicile can be shown by "the

concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) (citations omitted).   In determining whether a change has been shown, the court "should look to all evidence shedding light on the litigant's intention to establish domicile," including where the litigant "has [a] driver's . . . licence[] . . . and maintains a home." *Id.* at 251.   The court gives "little weight to statements of intent . . . only when the subjective evidence conflicts with the objective facts in the record." *Preston*, 485 F.3d at 816.   The court makes its determination using a preponderance-of-the-evidence standard. *Id.* at 814.

To determine whether it has jurisdiction over the case, the Court must determine Ms. Dailey's citizenship on the date the suit was removed—that is, on July 11, 2020.   Notice, ECF No. 1; *see also Richey*, 390 F. App'x at 377.   Ms. Mletzko alleges in her Petition that Ms. Dailey is a citizen of Texas, but Ms. Dailey states in her Notice that she is a citizen of Tennessee. Pet., ECF No. 1 at 9; Notice, ECF No. 1 at 3.   To prove that she in fact changed her domicile from Texas to Tennessee, Ms. Dailey must show there was a "concurrence of . . . physical presence at the new location and . . . an intention to remain there indefinitely" on that date. *Coury*, 85 F.3d at 250.   She must provide evidence sufficient to rebut the presumption that her domicile remained in Texas, and the Court must determine whether a preponderance of evidence supports the asserted change. *Preston*, 485 F.3d at 814, 819,

The Court finds that Ms. Dailey's sworn Declaration provides evidence that Ms. Dailey changed her domicile to Tennessee by June 11, 2020, the date of removal.   Decl., ECF No. 24 at 9.   Ms. Dailey's statement that she moved to Tennessee in December 2019 is evidence of her "physical presence at the new location" before the suit was removed, and her statement

8

that she was issued a Tennessee driver's license in January 2020 is evidence that she also had an "intention to remain permanently" before the suit was removed. *See id.*; *Coury*, 85 F.3d at 250. The Court finds therefore that the Declaration provides sufficient evidence to rebut the presumption that Ms. Dailey's Texas domicile continued through the date the suit was removed. *Preston*, 485 F.3d at 819.   Ms. Dailey's assertions that she moved and was issued a driver's license are not contradicted by any objective facts in the record, and they are not disputed by Ms. Mletzko in her Response. *See generally* Mot. 2, ECF No. 20; Resp., ECF No. 24.   Thus the Court finds that Ms. Dailey proves by a preponderance of the evidence that she was domiciled in Tennessee when the suit was removed. *See Preston,* 485 F.3d at 814, 816 (accepting uncontradicted and undisputed affidavits as decisive evidence of domiciliary intent).

Therefore, for purposes of determining whether the Court has jurisdiction, Ms. Dailey will be treated as a citizen of Tennessee.

### b. There is complete diversity among all properly joined parties.

"Diversity jurisdiction requires . . . complete diversity of parties." *Moss*, 913 F.3d at 514 (internal quotations omitted).   In determining whether there is complete diversity among the parties, GEICO's citizenship is disregarded, as it is improperly joined. *See supra*, 4–7.   The remaining parties are Ms. Mletzko, Ms. Dailey, and Advance Auto Parts.   Ms. Mletzko is a citizen of Texas, where she is domiciled.   Notice, ECF No. 1 at 3; Pet., ECF No. 1 at 9. Ms. Dailey is a citizen of Tennessee, where she is domiciled. *See supra*, 7–9.   Advance Auto Parts is a citizen of Delaware, where it is incorporated, and of North Carolina, where it has its principal place of business.   Notice, ECF No. 1 at 3; Pet., ECF No. 1 at 9.   These parties meet the requirement of complete diversity, as Ms. Mletzko is not a citizen of any state where either

9

Ms. Dailey or Advance Auto Parts is a citizen.   28 U.S.C. § 1332(a); *Moss*, 913 F.3d at 514.

### c. There is a sufficient amount in controversy.

"Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith."   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).   Ms. Mletzko has alleged more than $75,000 in damages.   Pet., ECF No. 1 at 12.   No party has questioned the good-faith basis of that allegation.   *See generally* Notice, ECF No. 1 at 6; Resp., ECF No. 24.   It is thus controlling, and the Court finds that the amount in controversy requirement of 18 U.S.C. 1332 is met.   *Allen*, 63 F.3d at 1335; 18 U.S.C. 1332(a).

### d.   The Court has removal jurisdiction under 28 U.S.C. § 1441(a).

Removal is appropriate where the Court would have original jurisdiction over the case.   28 U.S.C. § 1441(a).   A federal court has original diversity jurisdiction over a case when the amount in controversy is greater than $75,000 and there is complete diversity among the parties.   28 U.S.C. § 1332(a); *see also Moss*, 913 F.3d at 514.   Since there is a sufficient amount in controversy and—with GEICO disregarded—complete diversity among the parties, the Court has original diversity jurisdiction and thus removal jurisdiction over the case.   *See supra* 9–10; 28 U.S.C. § 1441(a).

### 3. GEICO is Dismissed Without Prejudice.

"[T]he only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction."   *Int'l Energy Ventures*, 818 F.3d at 209.   A dismissal for lack of jurisdiction is necessarily without prejudice.   *Id.* (citing Fed. R. Civ. P. 41(b)).   An

improperly joined party whose presence defeats diversity "*must* be dismissed without prejudice." *Int'l Energy Ventures*, 818 F.3d at 209.

As GEICO's presence in the suit would destroy complete diversity and would preclude the Court's subject matter jurisdiction over the suit, the Court does not reach the merits of any claim against GEICO.   *See id.*   The Court determines only that GEICO is improperly joined to the current action and must be dismissed without prejudice.   *Id.*

## CONCLUSION

Because there is no "possibility of relief" against GEICO, it is improperly joined to the suit and will be dismissed without prejudice.   Because the remaining parties are completely diverse and there is more than $75,000 in controversy, the Court has diversity jurisdiction over the case and removal is proper.   Thus, Ms. Mletzko's Motion is denied and the following orders shall be entered:

**IT IS HEREBY ORDERED** that Plaintiff Luz Ofelia Mletzko's "Motion to Remand to State Court," ECF No. 20, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against GEICO County Mutual Insurance Company is **DISMISSED WITHOUT PREJUDICE** from the instant case.

SIGNED this _29th_ day of **September 2020**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

11